# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

C. WILSON,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-01029-JPG-DGW

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

In accordance with 42 U.S.C. § 405(g), plaintiff C. Wilson seeks judicial review of the final agency decision denying her application for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) pursuant to 42 U.S.C. § 423.

## I.    PROCEDURAL HISTORY

Wilson applied for benefits in June 2014, alleging a symptom onset date of March 2011. Following a few denials of Wilson's application, an administrative law judge held a hearing on Wilson's request and again denied her application. The Social Security Agency's appeals council affirmed that administrative judge's decision—rendering it the final decision of the agency—and Wilson filed a timely complaint here. She makes one argument: that the administrative law judge failed to consider her diagnosis of panic disorder and the corresponding medication.

## II.    LEGAL STANDARDS

To qualify for benefits, a claimant must be "disabled" pursuant to the Social Security Act. The Act defines a "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less

than 12 months." 42 U.S.C. § 423(d)(1)(A). The physical or mental impairment must result from a medically demonstrable abnormality. 42 U.S.C. § 423(d)(3). Moreover, the impairment must prevent the plaintiff from engaging in significant physical or mental work activity done for pay or profit. 20 C.F.R. § 404.1572.[1]

Social Security regulations require an ALJ to ask five questions when determining whether a claimant is disabled. The first three questions are simple: (1) whether the claimant is presently unemployed; (2) whether the claimant has a severe physical or mental impairment; and (3) whether that impairment meets or is equivalent to one of the listed impairments that the regulations acknowledge to be conclusively disabling. 20 C.F.R. § 404.1520(a)(4); *Weatherbee v. Astrue*, 649 F.3d 565, 569 (7th Cir. 2011). If the answers to these questions are "yes," then the ALJ should find that the claimant is disabled. *Id.*

At times, an ALJ may find that the claimant is unemployed and has a serious impairment, but the impairment is neither listed in nor equivalent to the impairments in the regulations—failing at step three. If this happens, then the ALJ must ask a fourth question: (4) whether the claimant is able to perform his or her previous work. *Id.* If the claimant is not able to, then the burden shifts to the Commissioner to answer a fifth and final question: (5) whether the claimant is capable of performing *any* work within the economy, in light of the claimant's age, education, and work experience. If the claimant cannot, then the ALJ should find the claimant to be disabled. *Id.*; *see also Simila v. Astrue*, 573 F.3d 503, 512-13 (7th Cir. 2009); *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001).

---

[1] The legal standards for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) are largely the same. The above paragraph in this order cites the relevant statutory provisions for DIB, while the SSI provisions are located at 42 U.S.C. §§ 1382c(a)(3)(A), 1382c(a)(3)(D), and 20 C.F.R. § 416.972. Most citations herein are to the DIB regulations out of convenience, but also apply to SSI challenges.

A claimant may appeal the final decision of the Social Security Administration to this Court, but the scope of review here is limited: while the Court must ensure that the ALJ did not make any errors of law, the ALJ's findings of fact are conclusive as long as they are supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence is evidence that a reasonable person would find sufficient to support a decision. *Weatherbee*, 649 F.3d at 568 (citing *Jens v. Barnhart*, 347 F.3d 209, 212 (7th Cir. 2003)). The Court takes into account the entire administrative record when reviewing for substantial evidence, but it does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. *Brewer v. Chater*, 103 F.3d 1384, 1390 (7th Cir. 1997); *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014). But even though this judicial review is limited, the Court should not and does not act as a rubber stamp for the Commissioner. *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010).

### III. ANALYSIS

Wilson's argument is simple, but it fails hard and fast. She says that the administrative law judge erred by ignoring Wilson's panic disorder diagnosis—specifically because the judge gave "great weight to the opinions of state agency consultants" whom both misstated that Wilson has no history of any psych diagnosis or medication. But the judge's written decision shows the exact opposite. The judge dedicated two pages of her decision to Wilson's panic disorder diagnosis and why it does not amount to a severe limitation, and the judge did not rely on the state agency consultants in that section whatsoever. (Tr. 13–14.) Wilson, however, ignores that, and instead cites to the judge's later discussion of Wilson's **physical** limitations—wherein the judge relied on the allegedly questionable agency consultants—and says that the judge's reliance on the consultants there was somehow problematic to the judge's earlier discussion regarding Wilson's

mental limitations. (Tr. 18–19.) That argument misstates the administrative law judge's written decision.

So here, the judge's decision makes very clear that she considered Wilson's panic disorder diagnosis and built a logical bridge from that evidence to her conclusion: an ultimate denial of Wilson's application for benefits. *Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009); *Getch v. Astrue*, 539 F.3d 473, 480 (7th Cir. 2008). Because this is Wilson's only argument, any other argument that she could potentially have made—including the ones that the agency addresses in their response brief out of an abundance of caution—are waived. *Gonzales v. Mize*, 565 F.3d 373, 382 (7th Cir. 2009).

## CONCLUSION

After careful review of the record, the administrative law judge committed no errors of law and her findings are supported by substantial evidence. The Court accordingly **AFFIRMS** the final decision of the Commissioner of Social Security denying Wilson's application for benefits. The Court **DIRECTS** the Clerk of Court to entry judgment in favor of the agency.

**IT IS SO ORDERED.**

**DATED: JULY25, 2019**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**

4